a cause for disciplinary action must not be unreasonably delayed. There was no unreasonable lapse in this case. If appellant believes that a time element should be added requiring the commission to act in transmitting the record, that complaint should be addressed to the general assembly. It is certainly no ground for the extraordinary relief of prohibition.

The undisputed facts in this case show that respondent scheduled a hearing for imposition of discipline with respect to appellant's license as a pharmacist within the time limits provided by the statute. There was no procedural defect which would impair respondent's jurisdiction over the case. The trial court therefore correctly denied the writ.

The judgment is affirmed.

All concur.

**ORDER**

PER CURIAM.

Appeal from dismissal of Rule 29.15 motion for post conviction relief.

Affirmed. Rule 84.16(b).

**Barthe WILLIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41773.**

Missouri Court of Appeals,
Western District.

Oct. 3, 1989.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

**Norma L. KINDER, Respondent,**

v.

**Jack A. KINDER, Appellant.**

**No. WD 41243.**

Missouri Court of Appeals,
Western District.

Oct. 10, 1989.

